CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
December 10, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **DRESHON TYLER,** | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 7:25cv417 |
| | ) |
| **JEFFREY ALTIP,** | ) |
| Defendant. | ) By: Robert S. Ballou |
| | ) United States District Judge |

## MEMORANDUM OPINION

Plaintiff Dreshon Tyler, a Virginia inmate proceeding *pro se*, has filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging physical abuse by unnamed staff at the Wallens Ridge state prison, where he is currently incarcerated. Tyler names Jeffrey Altip, the Warden of Wallens Ridge, as the only defendant.[1] This action will be summarily dismissed pursuant to § 1915A(b)(1) for failure to state a claim.

"Section 1983 imposes liability on state actors who cause the deprivation of any rights, privileges, or immunities secured by the Constitution." *Doe v. Rosa*, 795 F.3d 429, 436 (4th Cir. 2015). However, the court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief could be granted. 28 U.S.C. § 1915A(b)(1). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

---

[1] Tyler moved to amend his complaint to add David Zook, the current warden at Wallens Ridge state prison, as a defendant. Dkt. 7. The motion was denied because Zook was not at the prison during the abuse alleged in the complaint. Dkt. 8. Further, as discussed in this opinion, the Warden does not have supervisory liability under the facts alleged.

I construe Tyler's allegations that jail staff kicked and punched him and denied him medical attention as a claim of excessive force in violation of the Eighth Amendment. "[T]he Eighth Amendment forbids 'the unnecessary and wanton infliction of pain'" on prisoners by prison officials. *Hill v. Crum,* 727 F.3d 312, 317 (4th Cir. 2013) (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (1986)). A plaintiff states an Eighth Amendment excessive force claim when he alleges that there was an unnecessary application of force, regardless of whether a significant injury resulted therefrom. *Wilkins v. Gaddy,* 559 U.S. 34, 37–40 (2010).

Tyler cannot prevail in his § 1983 claim against the Warden because he does not allege that the Warden, the sole defendant, was personally involved in or had any knowledge of the abuse. A defendant cannot be found liable in a § 1983 claim under a theory of vicarious liability or *respondeat superior. Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (noting that "Section 1983 will not support a claim based on a *respondeat superior* theory of liability") citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978); *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (holding that there is no *respondeat superior* liability under § 1983). Tyler states he was abused by staff at Wallens Ridge but does not identify the abusers or name them as defendants. Tyler names the Warden in his lawsuit solely because the Warden is responsible for the daily operation of the facility and welfare of the inmates. Here, the Warden's status as the official in charge of Wallens Ridge, without more, does not subject him to liability under § 1983. "Because vicarious liability is inapplicable [to § 1983] suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Instead, under § 1983, any liability imputed to supervisory officials must be supported by evidence that: (1) the supervisor had actual or constructive knowledge that a subordinate was

engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994); *Green v. Beck*, 539 F. App'x 78, 80 (4th Cir. 2013). Because Tyler does not allege that the Warden was personally involved in or even had knowledge of the abuse, he has failed to establish supervisory liability.

Accordingly, I will dismiss the Complaint without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief could be granted. Tyler may file an Amended Complaint naming as defendants the individuals he claims physically abused him and providing factual allegations sufficient to support each defendant's alleged constitutional violations, within 30 days of the date of this Order. If Tyler does not file an Amended Complaint within this timeframe, this action will be stricken from the active docket of this court.

An appropriate order accompanies this memorandum opinion.

Entered:  December 10, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

3